Rich Curtner
Federal Defender
Daniel Poulson
Legal Writing and Research Specialist
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400
Attorneys for Defendant/Petitioner

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> GARRY R. ARCHEY, JR., <br><br> Defendant. | Case No. 3:15-cv-00213-SLG-SAO <br><br> **FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS, PURSUANT TO 28 U.S.C. § 2254(d)** |

Petitioner, Garry R. Archey, Jr., by and through counsel, hereby files his first amended petition to vacate or set aside his conviction and sentence pursuant to 28 U.S.C. 2254(d).

## I.      FACTS AND PROCEDURAL HISTORY

### A.  Pretrial

On September 8, 2006 Garry Archey was named in a five count indictment alleging various offenses related to production of methamphetamine. Count I alleged misconduct involving a controlled substance in the second degree for production of methamphetamine. AS § 11.71.020(a)(2)(A). Counts II through IV alleged misconduct involving a controlled substance in the second degree for possession of certain chemicals in the manufacture of methamphetamine, including red phosphorous, acetone, and iodine. AS § 11.71.020(a)(4)(A). Count V alleged misconduct involving controlled substances in the

fourth degree for maintaining a structure to manufacture methamphetamine. AS § 11.71.040(a)(5).

Mr. Archey pled not guilty and was appointed counsel through the Office of Public Advocacy. Attorney Hatton Greer was assigned to represent Mr. Archey at trial. The defense filed a pretrial motion to dismiss the indictment based on statements the prosecutor made to the grand jury in which she vouched for the credibility of one of the state's witnesses, Joanna Samson-Sills. The motion to dismiss was denied by the trial court. See Archey v. State, No. A-10129, 2010 WL 2436739, (Alaska App. June 16, 2010).

### B. Trial[1]

The charges arose from an investigation conducted by the South Central Area-wide Narcotics Division of the Alaska State Troopers. Tr. 322. In August 2006, Investigator McKim with the Soldotna Police was assigned by the Division to conduct periodic reviews of the sales logs at pharmacies in the Soldotna-Kenai area. Tr. 325-326. The reviews indicated that Lisa Samson and her sister Joanna Samson-Sills[2] had frequently purchased Sudafed, which is used in the manufacture of methamphetamine. Tr. 326.

At trial, the state presented evidence that Lisa Samson owned a trailer located on property that was owned by her mother and stepfather. Tr. 576. Her sister, Ms. Sills, lived in a nearby cabin. Tr. 335. Mr. Archey was in a romantic relationship with Ms. Samson, and would occasionally spend the night at her trailer and kept some of his belongings there. Tr. 435, 578, 580.[3]

---

[1] Trial transcripts will be provided as soon as they are formatted for electronic submission.
[2] To avoid confusion, Ms. Samson-Sills will be referred to as Ms. Sills.
[3] Throughout trial, the officers referred to Ms. Samson's trailer as Mr. Archey's "residence" without objection from the defense. See, e.g., Tr. 335, 497. In the middle of trial, the defense complained that this characterization was hearsay, as the officers had no

United States v. Garry R. Archey, Jr.
Case No. 3:15-cv-00213-SLG-SAO                                              Page 2 of 11

Soldotna Police and the state troopers responded to the Samson sisters' property and arrested Ms. Samson on an outstanding warrant. Tr. 334-335. Ms. Sills was interviewed by the officers and indicated that she had made purchases of Sudafed for both Archey and Samson. Tr. 644. At trial she testified that Samson had told her that the Sudafed was used in the production of methamphetamine. Tr. 646. During this interview with Ms. Sills, the officers were approached by Pat Price, a neighbor who informed them that Archey had asked him to put a padlock on Samson's trailer. Tr. 368, 395. The officers responded to Mr. Price's residence, where Mr. Archey was waiting. Mr. Archey ran from the officers. Tr. 370, 397.

When the officers searched the area surrounding the Samson property, they found a black canvas duffel bag located in a hole in the ground next to Ms. Samson's trailer. Tr. 473-474. There was a footprint near the hole, but a photograph of the footprint was illegible and no comparison was made with Mr. Archey's shoes. Tr. 506-507, 685-686.

Based on this investigation, the officers obtained a search warrant for Ms. Samson's trailer and the duffel bag. Tr. 338. Inside the trailer, the officers discovered equipment and materials used in the manufacture of methamphetamine. Tr. 497-500, 542-550. The bag contained various liquids and chemicals as well as tubing and other components associated with the manufacture of methamphetamine. Tr. 476, 492-496, 539. At trial, the bag was described as a "mobile meth lab." Tr. 538, 558.

Ms. Samson was originally charged with four counts of misconduct involving a controlled substance in the second degree. Tr. 604. However, she entered into a plea agreement with the state in which she pled guilty to two reduced counts of fourth-degree misconduct, for possession of controlled substances and for maintaining a structure for the

direct knowledge that Mr. Archey resided at the trailer. Tr. 574. The court pointed out that the defense had not objected. Id.

manufacture of methamphetamine. Under the terms of the agreement, she was required to testify truthfully at Mr. Archey's trial. Tr. 595-599. At trial, she testified that she and Archey had used methamphetamine, and that the meth had been provided by Mr. Archey. Tr. 582. She initially denied knowing that methamphetamine had been manufactured in her trailer, but was later impeached by the prosecution with prior inconsistent statements to law enforcement in which she admitted to observing various bottles and chemicals in the trailer, and that it was "obvious" that there was a meth lab in the trailer. Tr. 591-592.

Ms. Samson testified that in mid-July 2006, after Mr. Archey was arrested on an unrelated charge, she received a phone call from a friend of his, a man she knew as "Lester," (later identified by the defense as Gordon Pentecost), who asked her to hide a black bag that was located underneath the trailer. Tr. 588-589, 612. She testified that she and her sister hid the bag in a hole near her residence. Ms. Sills also testified that she had assisted her sister in burying a black bag in a hole on the property (however, Ms. Sills recalled that the bag had been located in the bathroom inside the trailer). Tr. 646.[4]

At the close of the state's case, the defense moved for judgment of acquittal with respect to Count V, which alleged maintaining a structure for the production of methamphetamine. Tr. 672. The defense argued that the evidence was insufficient that Mr. Archey had maintained a structure (i.e., Ms. Samson's trailer) for purposes of manufacturing methamphetamine. Tr. 672-674. In response, the prosecution argued that because the black bag containing the mobile meth lab had been stored at the trailer, Mr. Archey was liable for maintaining a structure for the production of methamphetamine. Tr. 673. The defense pointed out that the bag had been moved around on several occasions,

---

[4] The contents of the bag were not established. At grand jury, Ms. Sills indicated that the bag had been different from the bag discovered by authorities. G.J. Tr. at 12-13. Ms. Samson testified that she did not recall what the bag looked like. Tr. 614-615.

and that there was insufficient evidence that Mr. Archey had exercised control over it. Tr. 674. In addition, the defense argued that there was insufficient evidence to support Count III, which alleged possession of a listed chemical, acetone, in the production of methamphetamine. The alleged jar of acetone had never been tested forensically. The defense argued that the evidence was therefore insufficient to establish that the jar actually contained acetone. Tr. 675. The court denied both motions. Id.

After the court denied the motion for judgment of acquittal, the defense presented evidence that Mr. Archey had been incarcerated at Wildwood Correctional Center between July 18, 2006 and July 28, 2006, and that inmates were not allowed to place calls to cellular phones (there were no working landlines at the Samson property). Tr. 687-689. After the defense rested, the prosecution obtained a warrant to review audio recordings of phone calls Archey made while incarcerated in July, 2006. The jail was unable to locate those phone records, but instead provided recordings of phone calls Archey made while incarcerated on the present charges during the month of August, 2006. Tr. 727. In one of those phone calls, Mr. Archey spoke with his son, who disclosed that the police had located a black bag on Samson's property. Archey responded that someone should tell Sills to stop talking to the police. Tr. 922-923.

The defense moved to exclude the recordings, arguing that the defense had not been notified of their existence, and that the state was required to disclose them to the defense prior to trial under Alaska Rule of Criminal Procedure 16. The court denied the defense motion, finding that the calls were newly discovered evidence and that the state did not violate its pretrial discovery obligations. Tr. 918. In addition, the court ruled that admission of the phone calls did not prejudice the defense because the evidence was consistent with the state's theory at trial. Id. The phone calls were played for the jury. Tr. 965.

The jury convicted Mr. Archey on all five counts. The trial judge sentenced him to

20 years on each of the first four counts and 5 years on the fifth count, all to run concurrently.

## C. Direct appeal

Archey timely appealed his conviction and sentence. He renewed his argument that the prosecution had improperly vouched for Ms. Sills' testimony at grand jury, and that the evidence was insufficient to sustain his convictions for possession of acetone as alleged in Count III of the indictment, and maintaining a dwelling for the production of methamphetamine, as alleged in Count V. Finally, he renewed his argument that the state violated its discovery obligations by failing to make a pretrial disclosure of the phone calls Archey made from Wildwood Correctional Center. In an unpublished decision, the Court of Appeals denied all claims except for Archey's challenge to the sufficiency of the evidence on Count V. The Court ruled that the evidence was insufficient as a matter of law to show that Archey had exercised control over the trailer. Archey v. State, No. A-10129, 2010 WL 2436739, at *3 (Alaska App. June 16, 2010).

Archey filed a petition for review, renewing his challenge to the sufficiency of the evidence on Count III. The Alaska Supreme Court denied Archey's petition for review on August 31, 2010. Archey v. State, No. S-13919.

## D. Post-conviction relief application

Archey filed a *pro se* post-conviction relief application in the trial court on February 7, 2008, while his case was pending on direct appeal. Counsel was appointed and an amended post-conviction relief application relief was filed on August 30, 2011. The state moved to dismiss the application for failure to state a *prima facie* case, and Archey later filed a second application for post-conviction relief on March 19, 2012. In his second application, Archey alleged that his trial counsel had failed to competently investigate or

United States v. Garry R. Archey, Jr.
Case No. 3:15-cv-00213-SLG-SAO                                    Page 6 of 11

prepare for the case in violation of Archey's Sixth Amendment right to effective assistance of counsel. In particular, he argued that (1) his trial counsel failed to challenge the admission of the phone call to his son, (2) failed to object to the state's lack of evidence corroborating the testimony of accomplices, (3) failed to call exculpatory witnesses Deborah Larabee and Bridget Sampson, who would have rebutted circumstantial inculpatory evidence, and (4) failed to investigate the exculpatory testimony of Gordon Pentecost, who stated in an affidavit that he had personally witnessed Ms. Samson manufacture methamphetamine in her trailer and that Ms. Samson was the only person he observed manufacturing methamphetamine in the trailer. He also stated that he had been available to testify to these facts at trial. Finally, Archey argued that his appellate counsel had been ineffective by not challenging the admission of the phone call in Archey's petition for review with the Alaska Supreme Court. The state again moved to dismiss the post-conviction relief application, arguing that Archey had failed to state a *prima facie* case.

On February 6, 2013, the trial court dismissed the PCR application, concluding that Archey had failed to make a *prima facie* case that he had been denied effective assistance of counsel. With respect to the probative value of Mr. Pentecost's testimony, the court noted that his testimony would have been cumulative to the evidence already presented at trial which tended to show that Ms. Samson had been involved in the possession and manufacture of methamphetamine. In addition, the court gave credit to the statements made by Archey's trial attorney in his own affidavit, in which he claimed that he could not recall whether he had spoken with Mr. Pentecost, but that he declined to call Mr. Pentecost as a witness because he learned from another attorney who represented one of Mr. Pentecost's co-defendants that Mr. Pentecost had pending legal matters that might make him a more favorable witness for the state. Based on these representations, the court denied the post-conviction relief application, concluding that Archey had not rebutted the presumption that trial counsel's decisions were the result of a sound trial strategy.

Mr. Archey appealed. He argued that the affidavit submitted by trial counsel established a *prima facie* showing that counsel's performance was deficient because no reasonable attorney would have relied on another attorney's assessment of a possibly exculpatory witness's credibility without conducting an independent investigation. In an unpublished opinion, the Alaska Court of Appeals affirmed the Superior Court's rulings. With respect to Pentecost's testimony, the Court of Appeals held that, even assuming trial counsel had failed to make reasonable efforts to investigate, Archey had failed to show he was prejudiced by trial counsel's omission, because Pentecost's testimony would only have been relevant to establishing Archey's lack of ownership over the trailer, a count for which he was acquitted on appeal. "Consequently," the Court held, "even if Pentecost had testified that Samson controlled the laboratory, there is no reasonable possibility that his testimony would have altered the outcome of Archey's case. Archey has therefore failed to show that he was prejudiced by his trial attorney's decision not to call Pentecost as a witness." Archey v. State, No. A-11516, 2015 WL 1881554, at *3 (Alaska App. Apr. 22, 2015). The Court of Appeals also rejected Archey's claim that the trial court erred in dismissing the post-conviction relief application without giving Archey notice beforehand. Id. Finally, the Court of Appeals held that Archey had not made a showing that he was entitled to an evidentiary hearing. Id.

On July 27, 2015, Archey filed a timely petition for review with the Alaska Supreme Court, renewing his argument that trial counsel was ineffective in failing to conduct an investigation into Gordon Pentecost's possible trial testimony, and that trial counsel was ineffective in relying on the claims made by another attorney to assess Mr. Pentecost's credibility. In his petition, Archey pointed out that the Court of Appeals had failed to assess the prejudice to Archey in light of the testimony which was presented at trial, notwithstanding the fact that one of the counts was reversed on appeal. As Archey explained in his petition for review, "if the jury convicted Archey for having control over

United States v. Garry R. Archey, Jr.
Case No. 3:15-cv-00213-SLG-SAO                                                    Page 8 of 11

the dwelling for purposes of manufacturing methamphetamine, it would have been an easy step for them to convict him of possessing the chemicals found in the dwelling, and in the black bag, and also to convict him of manufacturing." Thus, Archey argued, the Court of Appeals erred in its application of <u>Strickland v. Washington</u>[5] by assessing whether Archey could be retried on Count V, rather than asking under the totality of the circumstances how Pentecost's testimony could have affected the trial. <u>Id.</u> at 8. The petition for review was denied on September 4, 2015. <u>Archey v. State</u>, Case No. S-15916.

## II.     STANDARD OF REVIEW

The Supreme Court views the historic writ of habeas corpus as "the first line of defense against constitutional violations."[6] "[E]rrors that undermine confidence in the fundamental fairness of the state adjudication certainly justify the issuance of the federal writ."[7] The substantive standards of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) govern Mr. Archey's petition.[8]

When a claim is adjudicated on the merits in state court, a habeas petitioner must establish either that the state court's decision was "contrary to or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," or that the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[9]

//

---

[5] 446 U.S. 695 (1984).
[6] <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977).
[7] <u>Williams v. Taylor</u>, 529 U.S. 362, 375 (2000) (internal citations omitted).
[8] <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245 (9th Cir. 2001).
[9] 28 U.S.C. § 2254(d).

## III. GROUNDS FOR RELIEF

Pursuant to Title 28, United States Code, § 2254(d), Mr. Archey submits that he is entitled to relief on the following claims:

1. Trial counsel rendered ineffective assistance under the Sixth Amendment when he failed to conduct an independent investigation into the possible exculpatory testimony of Gordon Pentecost, and this failure resulted in prejudice to Mr. Archey

Mr. Archey submits that the Alaska Court of Appeals' resolution of this claim rested on an unreasonable application of clearly-established principles announced by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). 28 U.S.C. § 2254(d)(1). In addition, Mr. Archey submits that the Court of Appeals' adjudication of this claim rested on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(2).

## IV. RELIEF REQUESTED

Accordingly, Mr. Archey respectfully requests that this Court:

1. Issue a writ of habeas corpus to have Mr. Archey brought before the Court so that he may be discharged from his unconstitutional confinement;

2. Conduct a hearing at which proof may be offered concerning the allegations in this petition and any affirmative defenses raised by the Respondents;

3. Grant discovery;

4. Allow petitioner to further amend his petition;

5. Vacate the trial court convictions and remand for a new trial; and

6. Grant any other relief the Court deems just and proper.

Case 3:15-cv-00213-SLG-SAO   Document 19   Filed 09/26/16   Page 10 of 11

DATED this 26th day of September, 2016.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:     907-646-3400
Fax:         907-646-3480
E-Mail:    Rich_Curtner@fd.org

/s/ Daniel Poulson
Legal Writing and Research Specialist
Alaska Bar No. 0911073
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Phone:     907- 646-3400
Fax:         907-646-3480
E-Mail:    Daniel_Poulson@fd.org

Certificate of Service:
I certify that on September 26, 2016, a copy of
the foregoing document, with attachments, was
served electronically on:

Terisia Chleborad, Attorney for Respondent
Office of Criminal Appeals
Alaska Department of Law
310 K Street, Suite 308
Anchorage, AK 99501
907-269-6260
Fax: 907-269-6270
Email: terisia.chleborad@alaska.gov

*/s/ Rich Curtner*

United States v. Garry R. Archey, Jr.
Case No. 3:15-cv-00213-SLG-SAO                                    Page 11 of 11